IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-2535-B-BW |
| | § | |
| UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, et al., Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to Proceed under Pseudonym and for Temporary Administrative Sealing. (Dkt. No. 4 ("Mot.").) For reasons explained below, the Court denies the motion.

## I. BACKGROUND

Plaintiff John Doe filed a complaint against University of Texas Southwestern Medical Center ("UTSW") and the University of Texas System ("UTS") asserting claims for discrimination under Title VI and Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"), violations of due process under the Texas Constitution, breach of contract (both express and implied), negligence, and intentional infliction of emotional distress. (*See generally* Dkt. No. 2.) Plaintiff is a former medical student at UTSW, and the gravamen of his claims is that

[1] On July 30, 2026, Senior United States District Judge Jane J. Boyle referred this case to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b).

Defendants dismissed Doe from his medical studies as a result of their failure to recognize and accommodate his disabilities and based on insufficient process. (*See generally id.*)

In his motion, Doe requests that he be permitted to prosecute this case under the pseudonym "John Doe" and keep the complaint and other case-initiating documents under seal until he can file redacted versions. (*See* Mot. at 6.) The filings in this case have been placed under seal pending determination of his motion.

## II. LEGAL STANDARDS AND ANALYSIS

"Generally, parties to a lawsuit must identify themselves in their pleadings." *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). This requirement recognizes that courts are public fora and that there is a legitimate public interest in knowing litigants' identities. *See id.*

The public right of access to court records, however, "is 'not absolute.'" *See Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024) (unpublished) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021)). Allowing information filed in the court record to remain sealed or otherwise inaccessible involves balancing the public right of access against the interests in nondisclosure. *See id.* A court's duty to engage in this balancing exists

independent of an agreement there might be among the parties to seal records. *See id.*

The balancing of public access and privacy interests also applies when a party seeks to participate in litigation using a pseudonym. *See id.* at *3. There is no "hard and fast formula for ascertaining whether a party may sue anonymously," and "[t]he decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Nevertheless, the "strong presumption against party pseudonymity is generally well settled." *W.M.M. v. Trump*, ___ F.4th ___, 2026 WL 2364402, at *1 (5th Cir. Aug. 13, 2026) (en banc) (published order) (quoting Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1367 (2022)).

The Fifth Circuit has identified three factors that "deserve considerable weight" when assessing a plaintiff's request to proceed pseudonymously: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the lawsuit will require the plaintiff to disclose information "of the utmost intimacy"; and (3) whether, in prosecuting the lawsuit, the plaintiff would be compelled to admit an "intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185–86. These factors are not exclusive, as courts have also considered such things as whether identifying litigants might subject them to threats of violence. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266

(E.D. Tex. 2007). The Fifth Circuit has stated clearly, though, that "[p]arties may not 'proceed anonymously based on generalized concerns.'" *Sealed Appellant*, 2024 WL 980494, at *3 (quoting *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 n.5 (5th Cir. 2022)).

UTSW and UTS are public entities and, thus, Doe is challenging governmental action. *See Doe v. Univ. of Mississippi*, No. 3:18-CV-138-DPJ-FKB, 2018 WL 17030313, at *2 (S.D. Miss. Apr. 6, 2018) (weighing factor in favor of anonymity). Even so, "in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186. Doe's allegations implicate the administration of a public school in preparing medical doctors for the delivery of medical care to the public. There is, therefore, a public interest in the subject matter of this lawsuit. *See W.M.M.*, 2026 WL 2364402, at *4 ("[W]here . . . at least one of the parties is a public official or party of a public nature, the public's interest is particularly legitimate and important." (internal quotation marks omitted)).

Doe does not rely on the fact that he is challenging government activity, nor does he allege that proceeding anonymously is appropriate based on any perceived threat of physical violence or a likelihood that he will have to disclose conduct that might expose him to prosecution. *Cf. Univ. of Mississippi*, 2018 WL 1703013, at *2 (noting suit "requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime"). Rather, his motion is predicated on the fact that the complaint discloses

medical (including psychiatric) diagnoses and treatment and the results of disciplinary proceedings that he contends are protected by federal law. (*See* Mot. at 2-3.) He asserts that these allegations fall within matters of "utmost intimacy" recognized by the Fifth Circuit. (Mot. at 2.) He also avers that, even if he prevails in this action, being publicly linked to a lawsuit concerning removal from medical school may impair his ability to be accepted for a residency, credentialing, or career opportunities in the future. (*Id.*)

Doe's allegations do not reach the considerably high bar for matters of "utmost intimacy" that would allow him to proceed pseudonymously. The complaint allegations reveal medical diagnoses and treatment and disciplinary action taken against him. This kind of information is routinely disclosed in federal lawsuits, including those asserting claims made under the ADA and other anti-discrimination statutes. *See Doe v. Aguire*, No. 2:25CV137-LG-BWR, 2025 WL 3122259 (S.D. Miss. Nov. 6, 2025) (denying pseudonymity in Title VII employment discrimination case where complaint alleged numerous superfluous details that plaintiff sought to keep private). These allegations are not comparable to the degree of intimacy associated with revelations of sexual victimization, *see Doe v. Cabrera*, 307 F.R.D. 1, 5–6 (D.D.C. 2014) (characterizing allegations of sexual assault as sensitive and highly personal, and allowing plaintiff to remain anonymous during pretrial proceedings); abortion, *see Southern Methodist University Ass'n of Women Law Students*, 599 F.2d at 713 n.9 (citing cases); or private religious beliefs that would invite condemnation

analogous to the level of disdain that might be held for criminal behavior, *see Stegall*, 653 F.2d at 186. In fact, courts have disallowed pseudonymous prosecution in cases involving matters more sensitive or private than Doe's allegations. *See, e.g.*, *Doe v. Serpa*, No. 3:25-CV-0057-X, 2025 WL 975334 (N.D. Tex. Apr. 1, 2025) (denying pseudonymity for alleged victim of revenge pornography); *DL v. JS*, No. 1:23-CV-1122-RP, 2023 WL 8102409 (W.D. Tex. Nov. 21, 2023) (denying pseudonymity in case involving defamation claims relating to sex acts while a minor).

Because Doe has not shown that his interest in keeping any portion of the complaint—including his identity—under seal outweighs the presumption of openness in public records, the Court cannot grant his motion.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed Under Pseudonym and for Temporary Administrative Sealing (Dkt. No. 4). Accordingly, the Clerk of Court is **DIRECTED** to **UNSEAL** this action on **September 15, 2026**, unless a timely objection is made to the District Judge pursuant to Fed. R. Civ. P. 72(a) seeking review of this non-dispositive order.

**SO ORDERED** on September 1, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE